## J. A. M. DAVIS v. THE STATE.

*No. 1315.   Decided October 28th, 1896.*

1. **Local Option—Fact Case—Evidence Insufficient.**

See evidence, on a trial for a violation of local option. Held: Insufficient to support the conviction, because it failed to show that, "Preston's Tolu," the beverage sold, was an intoxicant.

2. **Same.**

On a trial for violation of local option, where the issue was, as to whether "Preston's Tolu," was an intoxicant, evidence that S. & T. prepared and sold a "Tolu" that was intoxicating, was inadmissible, it not being shown that the two "Tolu's" contained the same ingredients.

APPEAL from the District Court of Cass.   Tried below before Hon. JOHN L. SHEPPARD.

Appeal from a conviction for violation of local option; penalty, a fine of $25, and twenty days' imprisonment in the county jail.

The opinion states the case.

*O'Neal & Culberson,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of an alleged violation of the local option law in Precinct No. 5, of Cass County. The punishment was fixed at a fine of $25, and twenty days' imprisonment in the county jail.   From this conviction he prosecutes this appeal. The sufficiency of the evidence to support this conviction is called in question.   The alleged purchaser, Brown, testified that he bought two pint flask bottles of "Preston's Tolu" from the appellant; "that he drank a good deal of it, but did not feel it.   It had no influence on him.   I do not know whether it would intoxicate or not.   It did not intoxicate me. * * * I never saw any of it sold anywhere except in local option districts.   The defendant had run a saloon and sold whiskey at Wayne until local option went into effect, and after that he continued in business and sold Tolu."   Heath testified for the State that he took a drink from one of the flasks bought by Brown.   "It tasted like ginger and water sweetened.   I do not know whether it would intoxicate or not. Saw a great deal of it down around Wayne, and would see people drunk, but do not know that they got drunk on it.   It was labeled 'Preston's Tolu.'   It was put up at Jefferson, and claimed to be a tonic.   I never saw any of it sold out of local option districts.   I cannot say that it is intoxicating."   The State also introduced the witnesses, Surrat and Sheffield; and Surrat testified that he had bought three bottles of "Sedberry & Taylor's Tolu" at Linden; and Sheffield testified that several years ago he lived at Lodi, in Marion County, and saw a good deal of Sedberry & Taylor's Tolu sold and drunk in that neighborhood and county, and the effect of this Tolu upon the system was about the same as whiskey.   All of these witnesses agreed in their testimony as to the effect that Sedberry & Taylor's Tolu was intoxicating.   It will be ob-

served that there is no evidence in this case showing that the tolu known as "Preston's Tolu" had any intoxicating liquor in it.   There were but two witnesses in regard to this preparation of tolu, and both of them stated that, so far as they knew, it was nót intoxicating.   As to the fact that it was sold by a man who was formerly a saloon keeper, and sold in a local option precinct, this is hardly sufficient evidence to indicate that Preston's Tolu was an intoxicant.   We do not think, even if was legitimate evidence, that the fact that in previous years Sedberry & Taylor prepared and sold a tolu that was intoxicating, was evidence tending to show that Preston's Tolu was intoxicating.   There is nothing to show in this regard that Preston's Tolu and Sedberry & Taylor's Tolu contained the same ingredients.   The fact that Sedberry & Taylor made a tolu that was intoxicating did not tend to show or throw any light on the question whether Preston's Tolu was intoxicating, and we do not believe the testimony was legitimate, and it should have been excluded. This evidence was excepted to, and exceptions reserved by appellant. For the reason indicated, the judgment is reversed, and the cause remanded.

*Reversed and Remanded.*

HURT, Presiding Judge, absent.